CASWELL *v.* STEARNS.

1. JUDGMENT—SUMMARY JUDGMENT—ESTATES OF DECEDENTS—COURT RULES—DENYING CONTRACT.

In claim against estate of deceased person, based on alleged oral contract, plaintiff was not entitled to summary judgment because affidavit of merits did not deny making of said contract, as required by Court Rule No. 30; said remedy not being applicable where representatives of real defendant are prevented by his death from making required showing, and his estate would be deprived of defense upon merits.

2. EXECUTORS AND ADMINISTRATORS—CLAIMS MUST BE PROVED.

Claims against estates of deceased persons must be proved by claimants and judicially found.

3. JUDGMENT—SUMMARY JUDGMENT NOT WARRANTED IN CASE REQUIRING DETERMINATION OF FACT.

Summary judgment against estate of deceased person, based on alleged oral contract, was not warranted, where plaintiff's case rested on narration in affidavits of conversations, requiring determination of facts, which is province of court or jury on trial.

4. SAME—AFFIDAVIT OF MERITS—INSUFFICIENCIES.

Insufficiencies in affidavit of merits, filed in opposition to motion for summary judgment, are unimportant, where plaintiff's own showing discloses issues of fact.

5. COSTS—EXCESSIVE RECORD.

Where record on appeal is one-fourth larger than necessary, costs awarded appellant, on reversal, are reduced accordingly.

Appeal from Mason; Cutler (Hal. L.), J. Submitted January 6, 1932. (Docket No. 35, Calendar No. 36,095.) Decided March 2, 1932.

Sidney R. Caswell presented his claim against the estate of Lydia Elizabeth Smith, deceased, based on

an alleged contract for services. From allowance
of the claim in the probate court, Robert L. Stearns
and another, executors, appealed to the circuit
court. Summary judgment for plaintiff. Defend-
ants appeal. Reversed, and remanded for trial on
the merits.

*A. A. Keiser* and *F. E. Wetmore,* for plaintiff.

*Matthews & Von Sprecken* (*Irving A. Fish,* of
counsel), for defendants.

FEAD, J. For some years plaintiff and his family
lived near Lydia Smith at Ludington and rendered
her many neighborly services. Plaintiff claims that
in 1919 he contemplated moving to Detroit, and that,
in consideration of his remaining at Ludington,
Miss Smith contracted to leave him at her death
sufficient money to produce $3,000 per year interest.
His claim on the contract was allowed against her
estate in probate court at $60,000, and the executors
appealed.

In circuit court, plaintiff moved for summary
judgment upon affidavits of his wife and cousin.
Defendants filed affidavit of merits provided by
statute, but did not deny the contract upon oath of a
competent witness as required by Court Rule No. 30.
With some doubt of the application of the statute,
the court ordered summary judgment (3 Comp.
Laws 1929, § 14260 *et seq.*).

We think summary judgment improper in this
kind of proceeding. The statute and rule must be
read in connection with the general law. The rem-
edy was not intended to apply to a case where, by
reason of the death of the real defendant, his repre-
sentatives are prevented from making the required
showing and his estate would be deprived of defense

upon the merits. Claims against the estates of deceased persons must be proved by the claimants, and judicially found. They cannot be established by concession of the decedent's representatives. Much less can they be held proved through inability of the representatives to discover competent witnesses to specifically deny the claim. Frequently the only defense the representatives can make is through weakness of the claim, developed on cross-examination and by attack upon the credibility of claimant and his witnesses. No such defense is open on motion for summary judgment. Neither the statute nor the rule was designed to operate as a practical repeal of the probate law requiring affirmative proof of claims against the estates of decedents.

In *Hampton* v. *Van Nest's Estate,* 196 Mich. 404, 413, the rule requiring denial on oath of execution of a promissory note was invoked against an estate. The court said:

"We doubt if it is applicable to cases appealed from the probate court. We think the burden was upon the claimant all the time to make his case and prove the execution of the instruments claimed to have been executed by the deceased."

Nor do we think plaintiff made a case for summary judgment. The narrations by affiants of the conversation in which the contract was claimed to have been made were not identical. Neither deposed to an express agreement with definite terms. The contract now claimed was not stated except upon conclusion and inference of plaintiff's wife. To find it established would require not only the determination as a fact of which account of the conversation was correct, but also the balancing of extraneous facts and inferences in connection with such determination. This is the province of the court or jury

on the trial, but is not permissible on motion for summary judgment. Insufficiencies in the affidavit of merits are unimportant because plaintiff's own showing disclosed issues of fact. *Baxter* v. *Szucs,* 248 Mich. 672.

We agree with counsel for plaintiff that the record contains a considerable amount of unnecessary printing. We estimate the excess at about one-fourth, for which defendants will not be entitled to charge.

Judgment reversed, with costs except as above, and cause remanded for trial on the merits.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.