EQUITABLE TRUST CO. *v.* FISHER.

1. PLEADING—STATEMENT OF CAUSE OF ACTION—TRANSFER OF CAUSES—ASSUMPSIT.

   Statement of cause of action, commenced by wife against husband in equity to ascertain amount due from defendant for sums loaned him or paid others on his behalf, later transferred to law side of court, in effect *held*, one upon the common counts in assumpsit with a bill of particulars attached.

2. EVIDENCE—EXHIBITS—INFERENCE—PLEADING—OPENING STATEMENT.

   Reception in evidence of exhibit, referred to in plaintiff's declaration in action by wife against husband for moneys loaned him at various times, was not error where neither the declaration nor the opening statement permit inference that cause of action was based upon such exhibit.

3. SAME—ADMISSIONS—DELIVERY—ADMINISTRATORS.

   The admissibility in evidence in wife's action against her husband for moneys she had loaned him of a letter admitting liability of a certain amount was not impaired by failure, if there was failure, by plaintiff to prove delivery where wife had died before trial and her administrator produced the exhibit in court.

4. SAME—ADMISSIONS—DELIVERY.

   Delivery of a letter to plaintiff would not be essential to make such letter binding upon defendant as an admission of lia-

---

Accounts stated, see 2 Restatement, Contracts, § 422.

bility as the only circumstance which could bar its reception in evidence would be a showing that its presence in court was secured by illegal means.

5. SAME—DELIVERY—POSSESSION—PRIMA FACIE CASE.

Possession of an instrument is sufficient to · establish a prima facie case of delivery in an action by a representative of estate of a deceased person.

6. SAME—DELIVERY—PRIMA FACIE CASE—BURDEN OF PROOF.

When a plaintiff establishes a prima facie case of delivery of an instrument by introducing same in evidence it is incumbent upon defendant, if he contests fact of delivery, to sustain denial thereof by proof. ·

7. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

In action commenced by wife against husband, where she died prior to trial and administrator of her estate was substituted as party plaintiff, admission in evidence of exhibit constituting an admission of liability by defendant for sums due was not in violation of statute barring matters equally within knowledge of deceased where no witness who testified came within prohibition of such statute (3 Comp. Laws 1929, § 14219).

8. APPEAL AND ERROR—PRIMA FACIE CASE—ADMISSIONS—SIGNATURES—HANDWRITING EXPERTS.

Claim that plaintiff failed to establish a prima facie case in action of assumpsit against its decedent's husband is not sustained where genuineness of signature of defendant to letter containing admission of liability for amount claimed was convincingly and conclusively established by testimony of handwriting experts and others.

Appeal from Wayne; Chenot (James E.), J. Submitted January 8, 1942. (Docket No. 64, Calendar No. 41,874.) Decided March 17, 1942. Rehearing denied May 18, 1942.

Bill by Ruth E. Fisher against Roy R. Fisher for money decree. Case transferred to law side of the court. Equitable Trust Company, administrator with will annexed of the estate of Ruth E. Fisher, substituted as party plaintiff. Directed verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Bernard A. Clark* and *Miller, Bevan, Horwitz & Des Roches,* for defendant.

CHANDLER, C. J. At the time of the institution of this suit on May 12, 1939, plaintiff's decedent, Ruth E. Fisher, and the defendant were husband and wife.

Mrs. Fisher alleged that she had, from time to time, at defendant's request, advanced to him and to others, for his use, large sums of money, and that she had also, at his request, delivered to him United States government bonds in very large amounts for his use, the items and details thereof being specifically set forth in her bill of complaint.

The bill of complaint further alleged that on March 29, 1937, an accounting was had between the parties and that it was thereupon found and agreed that there was due to plaintiff from defendant the sum of $122,881.86, and that "thereupon the defendant executed an acknowledgment of said indebtedness, of which acknowledgment, a copy marked exhibit 1 is hereto attached and made a part hereof."

The bill further alleged that no part of said sum had been paid by defendant.

The relief sought was for a determination of the amount due plaintiff from these transactions, and the entry of a decree requiring defendant to pay forthwith the amount found to be due, with interest at the legal rate.

The acknowledgment of indebtedness attached to the bill of complaint and referred to therein as exhibit 1, and which will be termed exhibit 12 by us in this discussion because it was so marked in the trial court when offered and received in evidence

and has been thus named by counsel in the briefs, is as follows:

"ARGO OIL CORPORATION
Division of
FISHER INDUSTRIES INCORPORATED
Detroit.

\*    \*    \*

"Roy R. Fisher,
 "President.

"3/29/37

"Mrs. Roy R. Fisher
"4477 Woodward Avenue,
"City.
"*Dear Ruth*:

"Pursuant to our discussion, I herewith acknowledge my indebtedness to you in the amount of $122,881.86, $110,000 represents moneys you loaned me at different intervals, and $12,881.86 represents moneys spent for which you have cancelled checks to show.

"I hereby agree to pay you not less than $25,000 in cash as soon as the Argo Oil Corporation declares its annual dividend in May and the balance, $97,881.-86, I agree to take care of by assigning an equivalent amount of my Argo Oil Corporation stock to you.

"Yours very truly,
"ROY R. FISHER."

On June 24, 1939, on motion of defendant to dismiss the bill of complaint on the ground that said bill did not state a cause of action cognizable in a court of equity and that plaintiff had a complete and adequate remedy at law, and the plaintiff having moved in open court for the transfer of said cause to the law side of the court, it was ordered that the cause be transferred and that all further proceedings be had on the law side.

Defendant's answer, under oath, admitted that plaintiff had paid him and others, for his use, certain sums of money from time to time, but denied that they were in as large an amount as claimed by plaintiff, and alleged that practically all of said sums were repaid. The answer denied that plaintiff ever delivered to defendant United States government bonds or any other bonds.

For further answer, defendant denied that an accounting was had by the parties on March 29, 1937, whereby it was found and agreed that there was due plaintiff the sum of $122,881.86, or any other sum.

Further answering, defendant alleged:

"This defendant denies that he executed exhibit 1 and denies that exhibit 1 bears his genuine signature, and that if the signature on said exhibit is the signature of this defendant, it was placed thereon without the knowledge or consent of this defendant and was procured by fraud and trickery which constitutes under the laws of the State of Michigan 'a forgery;' further, that if the signature on exhibit 1 is the genuine signature of this defendant, it was not placed thereon by the defendant for the intent and purpose therein purported. Further answering said paragraph, defendant denies that any lawful consideration whatsoever was received by the defendant from the plaintiff, or any other person, for such agreement, and that said exhibit 1 was procured surreptitiously, fraudulently and unlawfully."

By way of affirmative defense the answer alleged that defendant had, during the years 1935 and 1936, satisfied the claims of plaintiff by payments amounting to $19,436.73 and that,

"4. The defendant will show that if such a letter as referred to in exhibit 1 bears his signature, it was without consideration and void in law.

"5. Defendant will show that if exhibit 1 has thereon a genuine signature of the defendant, it

was obtained by trickery and fraud, and constitutes a forgery.

"6. The defendant will show that he never placed his signature to exhibit 1, and that if it appears thereon, it was not with the knowledge, consent or agreement of the defendant.

"7. The defendant will show that if his genuine signature appears on exhibit 1, the contents of the typewritten matter was placed thereon after the signature was attached and was never with the consent, agreement or knowledge of this defendant to sign the purport of such subject matter.

"8. The defendant will show that during the time he was living with the plaintiff as husband and wife, which was during the period from August, 1935, to December, 1936, the plaintiff never owned or had possession of United States government bonds aggregating $75,000, nor was there any source from which she could procure the same.

"9. The defendant will show that during the period from August, 1935, to December, 1936, the plaintiff never had cash aggregating $24,500, nor was there any source from which she could obtain such amounts."

In reply to the affirmative defense, plaintiff denied all, excepting the allegation of payments during the years 1935 and 1936. However, she denied that such payments were in full satisfaction of her claim.

After the pleadings were filed and before trial, the plaintiff died. Thereafter a suggestion of death was filed and an order entered substituting Equitable Trust Company, the administrator of her estate, as party plaintiff.

Plaintiff's case was established by the evidence of three eminent handwriting experts and the assistant manager of the bank with which defendant conducted at least some, if not all, of his banking business. The testimony of these witnesses convincingly and conclusively established the genuineness of the signature of defendant to exhibit 12, being the ad-

mission of defendant to the deceased of an indebtedness to her of $122,881.86.

Defendant offered no testimony in his defense but moved the court for the direction of a verdict which was denied. A motion was then made by plaintiff for a directed verdict against defendant for the amount of the claim and interest, which motion was granted and judgment was immediately entered thereon. Two motions by defendant followed, one for entry of judgment *non obstante veredicto,* and one for a new trial. Both motions were denied by the trial court who said:

"Defendant has filed two motions which are now before the court for determination.

"Defendant's motion for judgment *non obstante veredicto* is an improper one, because at the close of all the proofs, after both sides had rested, the court denied, without reservation, defendant's motion for a directed verdict in his favor, and a verdict was directed for plaintiff, and judgment was entered thereon. A motion for judgment *non obstante veredicto* cannot be predicated upon this record as made.

"Defendant's motion for a new trial is denied, because, in my opinion, the plaintiff's cause of action is not based on exhibit 12. It is based upon plaintiff's claim that from time to time, at the request of defendant, plaintiff has paid to defendant or to others for his use, large sums of money. This claim is set forth in paragraph 2 of the bill of complaint. The paragraphs which follow detail how the sums of money were paid, in what manner and to whom they were paid, and reference is made to various schedules attached to the bill of complaint showing the payments in detail. The first reference to exhibit 12 appears in paragraph 10, in the following language:

" 'And that thereupon the defendant executed an acknowledgment of said indebtedness, of which acknowledgment a copy marked exhibit 1 is hereto attached and made a part hereof.'

"In my opinion, exhibit 12 is pleaded as a matter of evidence, and it has been used as evidence in this case in support of the plaintiff's claim. It is not declared upon in the bill of complaint, nor in any relief sought under it in the prayer of the bill of complaint. Exhibit 12 does not come within the' meaning of Court Rule No. 29 as an instrument sued upon.

"Act No. 82, Pub. Acts 1939,* has no application, because neither the husband nor wife has been examined as a witness in this.case; further, neither the husband nor wife has been examined in this case as to any communication made by one to the other during the marriage or afterwards.

"Section 14219 of the Compiled Laws of 1929 (Stat. Ann. § 27.914), barring the testimony of the opposite party on matters equally within the knowl-' edge of the deceased, has no application, for the reason that there has been no testimony in this case by any witness who could come within the prohibition of the statute."

From the entry of judgment and the denial of the motions, defendant appeals.

Briefly and concisely stated the questions involved are:

1. Was plaintiff's cause of action based on exhibit 12? If so, was said exhibit admissible in evidence without proof of delivery to plaintiff by evidence other than possession thereof by her?

2. Was the reception in evidence of exhibit 12 in violation of 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914), barring the testimony of the opposite party on matters equally within the knowledge of the deceased?

3. Did plaintiff establish a prima facie case against defendant?

---

* 3 Comp. Laws 1929, § 14221, as amended by Act No. 82, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14221, Stat. Ann. 1941 Cum. Supp. § 27.916).—Reporter.

A careful review of the pleadings convinces us that the statement of the cause of action, in effect, is a declaration upon the common counts in assumpsit, with a bill of particulars attached. Without reference to exhibit 12, this pleading sets forth a cause of action. Judgment was sought for such amount as the court should determine was due plaintiff from defendant by reason of the transactions set forth in the pleading.

Exhibit 12 was clearly described by the pleader as an acknowledgment of liability by the defendant, and not as an instrument upon which a cause of action was based. Nowhere in the pleading do we find a prayer for the enforcement of the exhibit, nor for any relief thereunder.

Counsel for appellant contend that it clearly appears on the face of the declaration that the action was based on exhibit 12, and that counsel for plaintiff in his opening statement confirmed what was set forth in the declaration, that is, that the action was based solely on the exhibit. We quote the only part of the opening statement to which appellant could possibly refer:

"It is the claim of the plaintiff that during those years Mrs. Fisher paid out money for her husband and advanced cash and government bonds to her husband by way of a loan. In the spring of 1937 Mr. Fisher acknowledged the indebtedness to his wife by a formal letter which he at that time wrote to her, in which he recognized and admitted that she had paid out certain money for him and had advanced cash to him, leaving an aggregate indebtedness upon his part to her in the sum of $12,881.86 for money that she spent for him by checks and $110,-000 for the moneys that she loaned to him directly at various times. In this instrument that I have referred to Mr. Fisher promised that he would pay his wife back $25,000 at a certain time and would

make some adjustment for the balance. The time came when the $25,000 was due and he failed to make good his promise to pay. This action was then brought by the wife, Ruth E. Fisher, against her husband, Roy R. Fisher, to recover the moneys due from him to her.''

There is nothing in this language nor in the language of the declaration from which an inference could be drawn that the basis of this suit was exhibit 12. We therefore hold that no error was committed in admitting the exhibit in evidence, the admissibility thereof as evidence of an admission of liability being unimpaired by failure, if there was failure, of plaintiff to prove delivery. The exhibit was produced in court by plaintiff. It was an admission of liability, signed by defendant. Delivery was not essential to make it binding upon him as an admission, and the only circumstance that could bar its reception in evidence would be a showing that its presence in court was secured by illegal means.

Possession of the instrument was sufficient to establish a prima facie case of delivery. To hold otherwise would be to require the impossible from the representatives of estates of deceased persons when required to rely on the admission in evidence of written instruments in an effort to enforce obligations against living persons or the estates of other decedents.

Appellant relies on *Wilbur* v. *Stoepel*, 82 Mich. 344 (21 Am. St. Rep. 568), in support of his contention that possession of an instrument is not evidence of delivery. The facts and questions involved in that case are in no way comparable to the instant case and hence it is not applicable.

On the proposition that possession of an instrument is presumptive evidence of delivery and sufficient to establish a prima facie case, see *Burson* v.

*Huntington*, 21 Mich. 415, 428 (4 Am. Rep. 497), wherein.it is said:

"The case, upon the trial, stood in all respects as if the signature of the defendant had been admitted in open court. And this admission is to have at least as full effect as the clearest proof of such signature.

"Now, proof of such signature, together with the fact that the note is in the hands of, and produced by, the plaintiff (the indorsement being proved as it was here), furnishes strong presumptive evidence of delivery by the maker to the payee; and this is, in fact, all the proof ordinarily given by the plaintiff of such delivery when the execution of the note is denied. It establishes a prima facie case upon this point; and it is for the defendant, if he contests the fact of delivery, to sustain his denial by proof.

"The indorsement by the payee having been proved, there was, therefore, no error in allowing the note to be read in evidence."

The claim that the admission of the exhibit violated the provisions of 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914), is without merit. Neither by a' liberal, strict nor strained interpretation of this statute can it be given the construction desired by appellant and made applicable here. There was no testimony by any witness which would come within its prohibition and appellant wholly misconceives the purpose of the provisions thereof.

We are not in accord with the contention that plaintiff failed to establish a prima facie case. As we have said before, the genuineness of the signature of defendant to the admission of liability for the amount claimed was convincingly and conclusively established. We know of no way by which defendant could have more emphatically and conclusively established his liability unless it might

have been by confession of judgment in open court for the amount claimed.

We find no error in the trial and proceedings and the conclusion reached by entry of judgment for plaintiff.

The judgment is affirmed, with costs to plaintiff.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.