*In re* GRIFFIN'S ESTATE.
ALEXANDER *v.* EVERTON.

1. APPEAL AND ERROR—BRIEFS—RELIEF IN SUPREME COURT.
   Under the discretionary power of the Supreme Court to make any order which ought to have been made and grant such relief, whether mentioned in the notice of appeal or not, as a case may require, an order is granted permitting a legatee to file a brief in case appealed by administrator of a decedent's estate from judgment for claimant in circuit court where legatee's brief raises the only question of importance in the case, notwithstanding leave to file such brief had not been asked (Court Rule No. 72 [1933]).

2. ESTATES OF DECEDENTS—CLAIMS—EVIDENCE—FINDINGS.
   Claims against the estates of deceased persons must be proved by the claimants and judicially found.

3. SAME—CLAIMS—EVIDENCE—WAIVER.
   A claim against the estate of a deceased person, based upon a written agreement, alleged to have been signed by the decedent,

must be affirmatively proved by the claimant, it not being within the power of the administrator to waive such proof nor of the court to render such proof unnecessary.

4. COSTS—NEW TRIAL—OMISSION OF ESSENTIAL ISSUE.
No costs are allowed any one where judgment is reversed and new trial granted because court and counsel were all in error in leaving out the essential issue in the case.

Appeal from Wayne; Chenot (James E.), J. Submitted June 9, 1944. (Docket No. 54, Calendar No. 42,764.) Decided September 11, 1944.

In the matter of the estate of Frank Patrick Griffin, deceased. Nancy Everton presented her claim for money due her. Claim allowed. Frederick P. Alexander, administrator, appealed to circuit court. Judgment for claimant. The administrator appeals. Reversed and new trial granted.

*William J. Eggenberger,* for claimant.

*Frederick P. Alexander,* administrator, *in pro. per.*

*M. Manuel Merzon,* for the legatee.

WIEST, J. Nancy Everton, formerly Nancy Griffin, presented a claim, in the probate court, for $890 against the estate of her brother, Frank Patrick Griffin, who died testate in the city of Detroit, November 23, 1941. The probate court referees reported allowance of the claim. The administrator of the estate, with will annexed, objected to the allowance of the claim as reported by the referees, stating that the name of P. F. Griffin, which appears on the instrument upon which the claim is based, is not the genuine signature of the deceased,

and that the statute of limitations bars the claim. The probate court allowed the claim and the administrator took an appeal to the circuit court. The claim was based upon a written agreement, purporting to have been signed by the deceased on March 23, 1923, and acknowledged an indebtedness of $890 to claimant, and contained a promise to pay the same whenever he was financially able to do so.

Before impanelling the jury the circuit judge stated on the record:

"Now in this matter, Mr. Reporter, let the record show that both counsel and the court have been in conference on this matter for some time, and it is now, as I understand it, stipulated and agreed by the appellant here that the matter is to go to trial here on the objections to the allowance set up in paragraph 4 of the appellant's objections to the allowance of the claim of Nancy Everton by the referees. Paragraph 4 reads: 'Because if it was genuine the statute of limitations has long since run against the claim. According to the tenor of the instrument the claim was due and payable when the testator was financially able to pay it. A right of action accrued to the claimant then and the statute of limitations began to run against the claim.' The proofs here are to be limited to the question of when, if ever, was the testator financially able to pay the amount set up in the instrument during his lifetime, and, as I understand it, the appellant now stipulates and agrees that that is the issue here. Is that about right, Mr. Alexander?

"*Mr. Alexander:* That is just about the correct analysis, your Honor.

"*The Court:* So we will proceed in this matter, and the issue to be determined, as I have already tried to indicate, is when the testator here was financially able to pay the amount set forth in the

instrument. I will limit the proof to that question, and it will be for the jury to say when he was able to pay it, if he was ever able to pay it. Of course, the application as to when the statute of limitations started to run, if ever, will be for the court. Now have I got that right?

"*Mr. Alexander:* That is correct.

"*The Court:* That suits you, Mr. Eggenberger?

"*Mr. Eggenberger:* Yes, your Honor."

The agreement, if signed by the deceased, was evidently home-drawn and was styled "a Sacred Trust."

At the trial the circuit judge in his charge to the jury directed answers in writing to the following questions:

"No. 1. Did the deceased, Frank P. Griffin, become able to pay the obligation mentioned in the exhibit during his lifetime?

"Answer yes or no.

"No. 2. If the answer to No. 1 is yes, when did he become so able?

"Answer by fixing the date."

The jury answered question No. 1 by "Yes," and to question No. 2, answered that he became able to pay "April 4, 1936." Thereupon the court affirmed the probate court allowance of the claim.

The administrator appeals on the sole ground that the verdict of the jury was against the clear weight of the evidence. The sole legatee under the will of the deceased took no part in the trial and, in fact, did not appear in the case until April 12, 1943, or 45 days after the trial and judgment.

The legatee, in a brief, claims the administrator was without authority to comply with the issues as stated by the circuit judge and thereby waived a

"material legal right" of the legatee without the latter's knowledge or consent.

The attorney for claimant in his brief asks us to strike from the record the brief filed in behalf of the legatee, claiming that the legatee is a mere interloper. The point raised in the brief for the legatee is the only one of importance in the case and, had leave been asked, we would have granted the filing of the brief. We now exercise the power of this court under Court Rule No. 72 (1933), which states:

"The Supreme Court may, at any time, in addition to its general powers, in its discretion and on such terms as it deems just: * * *

"(g) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, whether mentioned in the notice of appeal or not, as the case may require."

The claimed agreement did not prove itself and claimant was not entitled to verdict and judgment without proof of the signature of the deceased, and such proof could not be waived by the administrator or rendered unnecessary by the court.

In *Caswell* v. *Stearns,* 257 Mich. 461, we held that in probate proceedings like the instance at bar it was not necessary under Court Rule No. 30 (1931), or the statute, for the administrator to deny, under oath, the execution of the asserted agreement, and we stated the remedy was not intended to apply to a case where, by reason of the death of the real defendant, his representatives are prevented from making the required showing and his estate would be deprived of defense upon the merits.

"Claims against the estates of deceased persons must be proved by the claimants, and judicially

found. They cannot be established by concession of the decedent's representatives. * * * Neither the statute nor the rule was designed to operate as a practical repeal of the probate law requiring affirmative proof of claims against the estates of decedents."

In *Hampton* v. *Van Nest's Estate,* 196 Mich. 404, 413, the rule requiring denial on oath of execution of a promissory note was invoked against an estate and we there said:

"We doubt if it is applicable to cases appealed from the probate court. We think the burden was upon the claimant all the time to make his case and prove the execution of the instruments claimed to have been executed by the deceased."

The court and counsel for the parties were all in error in leaving out such essential issue, and for such error the judgment is reversed and a new trial granted, but without costs to any one.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.