FABER v. GLASHAGEN'S ESTATE.

1. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATES.
   Claims against the estates of deceased persons must be proved
   by the claimants and judicially found as they cannot be es-
   tablished by concession of the decedent's representatives.

2. SAME—SETTLEMENT AGREEMENT—ADMISSIONS—POSSESSION.
   Delivery of a settlement agreement, signed by decedent, was not
   essential to make it binding upon him as an admission in pro-
   ceeding by other party to recover thereon as a claim against
   the estate of the decedent in the absence of any showing that
   the presence of the instrument in court was secured by illegal
   means.

3. SAME—CLAIM BASED ON SETTLEMENT AGREEMENT—PRIMA FACIE
   CASE.
   Claimant against the estate of decedent on a settlement agree-
   ment proved to have been signed by decedent established a
   prima facie case of delivery of the agreement by reason of
   his possession of that instrument which was filed by him in
   probate court.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSIDERATION BY
   TRIAL COURT.
   Estate's claim that settlement agreement which had been ex-
   ecuted by decedent was void as an attempt to change liqui-
   dated amount of an agreement relating to a security interest

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur, Executors and Administrators § 383.
[4] 3 Am Jur, Appeal and Error § 820.

in real estate was void is not discussed where, although it was claimed to have been raised at the trial, it was not considered by the trial judge (CL 1948, § 566.1).

5. ESTATES OF DECEDENTS—CONDITIONAL MATURITY OF DEBT—DEATH.
    Debt of decedent which matured when he had disposed of his real estate holdings matured upon his death because at that time his real estate holdings were disposed of by operation of law.

6. SAME—REAL PARTY IN INTEREST ON CLAIM.
    Claimant against estate of decedent *held,* real party in interest on claim under a settlement agreement which acknowledged indebtedness to claimant and which had been signed by decedent.

7. SAME—PARTIES—FINDING OF TRIAL COURT.
    Finding of trial court that there was neither novation nor nonjoinder of proper parties is concurred in on appeal in proceeding on claim against the estate of a decedent.

8. INTEREST—WAIVER—CLAIMS AGAINST ESTATES OF DECEDENTS.
    Claim of statutory interest on claim against estate of decedent is disallowed, where payment of interest had been specifically waived by claimant in settlement agreement following demand for payment (CL 1948, § 438.101).

9. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATES—NONJURY CASE—SETTLEMENT—PREPONDERANCE OF EVIDENCE.
    Judgment in amount of 2 accounts against estate of decedent is ordered entered in favor of claimant on his appeal in nonjury action, where decedent had executed a settlement agreement in amount of such accounts, the testimony clearly preponderating in such direction.

Appeal from Mason; Neal (Max E.), J. Submitted June 2, 1953. (Docket No. 13, Calendar No. 45,833.) Decided November 27, 1953.

Harry M. Faber filed his claim against the estate of Paul C. Glashagen, deceased. On appeal to circuit court, judgment was for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Edward E. Barthell, Jr.,* for plaintiff.

*Eugene Christman,* for residuary legatee.

*Keiser & Keiser,* for estate.

BUSHNELL, J. This is an appeal from a judgment of the circuit court affirming an order of the probate court, denying allowance of a claim filed by the appellant, Harry M. Faber, in the estate of Paul C. Glashagen, deceased.

About 3 years prior to his death, Glashagen became a resident of Mason county. He had conducted a real estate and investment business at Chicago before coming to Michigan. His operations were financed by "depositors" whose moneys were usually secured by an interest in real property or in mortgages thereon. Separate accounts were kept with these depositors in "Pass Books" showing their respective payments and withdrawals. Faber, who had been dealing with Glashagen for some time, had 3 accounts with balances indicated therein as follows: "Partial Payment Plan No. 29—Balance due $1,732.40; Partial Payment Plan No. 654, Balance due $3,398.80; Stanley Student Loan No. 162, Balance due $1,813.98."

Faber made written demands for payment upon Glashagen on November 4, 1943, and December 27, 1943. On the latter date, Faber and Glashagen examined the accounts and a settlement agreement was entered into, which is shown in the record. In consideration of this settlement, Faber waived interest and Glashagen promised to pay the balances on accounts Nos 29 and 654, which he agreed to be due "in full to Harry M. Faber (or his estate) after disposing of my many real estate holdings."

The accounts indicate that Annie Faber, mother of plaintiff, and subsequently Caroline H. Faber,

his sister, had a survivorship interest in 1 or more of the accounts. There is no showing in the record as to when Mrs. Faber passed away, but it seems to be assumed that she is now deceased.

The opinion filed by the trial judge does not show the date of death of Glashagen. It contains findings of fact and law, and the determination that plaintiff had failed to sustain the burden of proof of possession of the settlement agreement from which an assumption of its delivery could arise. The trial judge found that Glashagen's signature on the agreement had been proved beyond controversy, but that there was no proof that the agreement had been delivered to claimant by the deceased or by someone having authority so to do, with the intent to make it effective. It was also held that the decedent's estate was not required "to deny under oath the execution by deceased of the instrument relied upon by claimant in order to cast upon the latter the burden of proving its due execution." *Hampton* v. *Van Nest's Estate,* 196 Mich 404, and *Caswell* v. *Stearns,* 257 Mich 461, 463, were cited as supporting authorities.

In the latter case it was said:

"Claims against the estates of deceased persons must be proved by the claimants, and judicially found. They cannot be established by concession of the decedent's representatives."

The trial judge felt that this statement in connection with the holding in *Wilbur* v. *Stoepel,* 82 Mich 344, 352 (21 Am St Rep 568), means that the claimant must affirmatively prove delivery as an essential part of the execution of the instrument relied upon, and that such proof is not present in the instant case. He declined to apply the following authorities because he did not consider them controlling: *Burson* v. *Huntington,* 21 Mich 415 (4 Am Rep 497);

*Seligman* v. *Estate of Ten Eyck*, 53 Mich 285; and *Equitable Trust Co.* v. *Fisher*, 301 Mich 66. As further authority for the proposition that decedent's representatives may not concede the execution of the instrument or its delivery, he cited *In re Griffin's Estate*, 309 Mich 376.

The trial judge concluded that there had been no conditional discharge of the debt, by reason of the failure of the decedent to dispose of his real estate holdings during his lifetime, and that such reference thereto in the agreement was only for the purpose of indicating the source of the repayment funds. He further held that there had been no novation nor nonjoinder of the proper parties; that the promise of repayment ran to Faber and no one else. Judgment was ordered in favor of the Glashagen estate.

We cannot agree with the conclusion reached by the trial judge in the light of our statement in *Equitable Trust Co.* v. *Fisher, supra,* 75, which reads as follows:

"The exhibit was produced in court by plaintiff. It was an admission of liability, signed by defendant. Delivery was not essential to make it binding upon him as an admission, and the only circumstances that could bar its reception in evidence would be a showing that its presence in court was secured by illegal means.

"Possession of the instrument was sufficient to establish a prima facie case of delivery. To hold otherwise would be to require the impossible from the representatives of estates of deceased persons when required to rely on the admission in evidence of written instruments in an effort to enforce obligations against living persons or the estates of other decedents."

In that case it was held that *Wilbur* v. *Stoepel, supra,* was inapplicable to the facts, which are also

distinguishable from those in the instant case. *In re Griffin's Estate, supra,* upon which the trial judge relied, does not contain any testimony or other proof as to the signature of the deceased. Plaintiff here, however, has proven execution within the rule of that case. See *Caswell* v. *Stearns, supra.*

Under the authority of *Equitable Trust Co.* v. *Fisher, supra,* Faber established a prima facie case of delivery of the Glashagen agreement by reason of his possession of that instrument which was filed by him in the probate court. The record is barren of any testimony showing that he obtained such possession by any illegal means.

Appellee urges that the agreement is void under the statute, CL 1948, § 566.1 (Stat Ann 1953 Rev § 26.978[1]), because of changes therein as to liquidated amounts. Although the estate claims that this question was raised at the trial, it certainly was not considered by the trial judge. For a discussion of the applicability of this statute, see *Thal* v. *Detroit Board of Education,* 316 Mich 351, 355.

As stated by the trial judge, the instrument acknowledged the existence of a debt which matured at the death of Glashagen, because at that time all of his real estate holdings were disposed of by operation of law.

The real party in interest is Harry M. Faber, and we agree with the trial judge that there is neither novation nor nonjoinder of proper parties in this case.

In urging reversal of the trial court's judgment and a remand with instructions, appellant asks for statutory interest on his claim as provided in CL 1948, § 438.101 (Stat Ann § 19.21). The difficulty with that argument is that payment of interest was specifically waived in the settlement agreement.

In this trial before the court without a jury, we are persuaded that the testimony clearly prepond-

erates in the opposite direction and that the trial judge erred in the application of the controlling authorities.

The judgment is vacated and the cause is remanded for entry of a judgment of $5,131.20 in favor of plaintiff. Costs to appellant in both courts.

Dethmers, C.* J., and Adams, Butzel, Carr, Sharpe, and Reid, JJ., concurred.

Boyles, J., did not sit.